Daniel J. Gluck (DG6352)
Christopher M. Kane (CK1402)
Mariana del Rio Kostenwein (MD0598)
SIMON GLUCK & KANE LLP
250 West 34th Street, Suite 4615
New York, NY 10119
Tel: (212) 775-0055
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

| | |
|---|---|
| SLD COMMODITIES, INC., | Civil Case No. _____ |
| Plaintiff, | |
| -v- | **COMPLAINT** |
| BANK OF AMERICA, | **JURY TRIAL DEMANDED** |
| Defendant. | |

------------------------------------------------------------

      SLD Commodities, Inc. ("Plaintiff"), by its undersigned attorneys, Simon Gluck & Kane

LLP, as and for its Complaint hereby avers:


## NATURE OF THE CASE

      1.    This action in negligence as well as under Fla. Stat. § 772.11 (Civil Remedy for

Theft or Exploitation) and Fla. Stat. § 812.019 (Dealing in Stolen Property) arises out of

Defendant's improper opening and maintenance of a bank account in the name of "Worldwide

Lifestyle Planners" at one of its Tampa, Florida branches.

      2.    Based upon Defendant's failure to adhere to its statutory obligations and

procedure in opening the account and to take action in a reasonable amount of time once

informed that the "Worldwide Lifestyle Planners" account was being used fraudulently, Plaintiff was defrauded out of USD 127,557.50.


## PARTIES

3.      Plaintiff, SLD Commodities, Inc., is a corporation duly organized and existing under the laws of the State of New York, and maintains its primary place of business at 2 Manhattanville Road, Purchase, New York 10577.

4.      Defendant, Bank of America, is a corporation duly organized and existing under the laws of the State of North Carolina, and maintains its primary place of business at 100 N. Tryon Street, Charlotte, North Carolina 28255.


## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) as the matter in controversy is between citizens of different states and exceeds the sum or value of $75,000, exclusive of interest and costs.

6.      This Court has personal jurisdiction over Defendant in this case because Defendant regularly conducts business in this state and the Defendant caused injury to persons or property within this state arising out of an act or omission by Defendant outside this state.

7.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## FACTS

8.      Plaintiff is a U.S. importer of nuts.

9.      Mitchell Beck Co., Inc. ("Beck"), a food broker, acted as an intermediary on sales of nuts between Plaintiff and a Brazilian seller, IRACEMA Industria e Comercio de Castanhas de Caju Ltda. ("IRACEMA").

10.     On December 23rd, 2013, IRACEMA issued an invoice to Plaintiff.

11.     On December 31st, 2013 at 9:47 a.m. Eastern Standard Time, an email was sent to Beck via an IRACEMA domain name requesting that payment for the December 23rd IRACEMA invoice be sent to the "Worldwide Lifestyle Planners" account at one of Defendant's Tampa, Florida branch locations.

12.     On January 7th, 2014, Plaintiff passed the instruction to its bank, Brown Brothers Harriman, to send payment for the December 23rd IRACEMA invoice in the amount of USD 127,557.50 to the "Worldwide Lifestyle Planners" account at one of Defendant's Tampa, Florida branch locations.

13.     Upon information and belief, on January 10th, 2014, Defendant received a call from an employee of Stearns Bank.

14.     Upon information and belief, the Stearns Bank employee stated that a client at Stearns Bank had been a victim of a fraud related to the attempted initiation of a wire transfer in the amount of USD 35,000 to the "Worldwide Lifestyle Planners" account at one of Defendant's Tampa, Florida branch locations.

15.     Upon information and belief, Defendant failed to act upon the information provided to it by the Stearns Bank employee until three days later on January 13th, 2014.

16.     On or about January 13th, 2014, Plaintiff learned that the "Worldwide Lifestyle

Planners" account was not owned by IRACEMA and consequently, Plaintiff requested that Brown Brothers Harriman recall the funds from the "Worldwide Lifestyle Planners" account.

17.     Upon information and belief, Brown Brothers Harriman was unable to recall the funds from the "Worldwide Lifestyle Planners" account because they had been withdrawn by the account holder.

18.     Upon information and belief, on January 14th, 2014, Defendant's employee contacted Plaintiff to report that the "Worldwide Lifestyle Planners" account was fraudulent.

19.     Upon information and belief, on January 14th, 2014, Defendant's employee also indicated to Plaintiff that the funds in the "Worldwide Lifestyle Planners" account were withdrawn and sent to China.

20.     Upon information and belief, the person who opened the "Worldwide Lifestyle Planners" account and conducted business for the account is a known prostitute and drug user.

21.     Upon information and belief, Defendant violated its statutory obligations under the Bank Secrecy Act, 31 U.S.C. § 5318, as amended by the USA PATRIOT Act, Pub. Law 107-56, when opening the "Worldwide Lifestyle Planners" account.

22.     In a letter dated October 28, 2014, Plaintiff through counsel made demand on Defendant for reimbursement of Plaintiff's funds.

23.     Defendant has refused to comply with Plaintiff's demand.


## FIRST CLAIM FOR RELIEF
### (Negligence)

24.     Paragraphs 1 through 23 are incorporated by reference as though set forth fully herein.

25.     Defendant owed a duty of care to Plaintiff to safeguard the funds Plaintiff wired

to the "Worldwide Lifestyle Planners" account and to follow its statutory obligations and procedure in the opening of bank accounts at its branches.

26.     By not following its statutory obligations and procedure when opening the "Worldwide Lifestyle Planners" account and by taking an unreasonable amount of time to initiate an investigation into the "Worldwide Lifestyle Planners" account after being notified of the fraudulent nature of the account by the Stearns Bank employee, Defendant breached the duty of care it owed to Plaintiff.

27.     As a result of Defendant's breach of its duty of care, Plaintiff has been damaged in an amount to be determined at trial, but not less than USD 127,557.50.

**SECOND CLAIM FOR RELIEF**
Fla. Stat. § 772.11 (Civil Remedy for Theft) and
Fla. Stat. § 812.019 (Dealing in Stolen Property)

28.     Paragraphs 1 through 27 are incorporated by reference as though set forth fully herein.

29.     Plaintiff has properly served Defendant with a demand letter in accordance with Fla. Stat. § 772.11 and has waited the requisite thirty (30) days before filing this action.

30.     Defendant violated Fla. Stat. § 812.019 (Dealing in Stolen Property) and Plaintiff is entitled to damages under Fla. Stat. § 772.11 (Civil Remedy for Theft).

31.     Defendant obtained control of funds stolen by "Worldwide Lifestyle Planners" and which were owned by Plaintiff.

32.     Defendant knew or should have known that the "Worldwide Lifestyle Planners" account was being used fraudulently.

33.     Defendant transferred Plaintiff's funds into the "Worldwide Lifestyle Planners" account.

34.     By transferring Plaintiff's funds into the "Worldwide Lifestyle Planners" account when it knew or should have known that the funds were stolen, Defendant violated Fla. Stat. § 812.019 (Dealing in Stolen Property).


## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

1.  For an award of actual damages in the amount of USD 127,557.50 for negligence;

2.  For an award of actual and treble actual damages for dealing in stolen property, with amounts to be determined at trial;

3.  For pre- and post-judgment interest, to the extent permitted by law;

4.  For an award of attorney's fees and costs, to the extent permitted by law; and

5.  For such other and further relief the Court deems just and proper.

Plaintiff demands a trial by jury.


Respectfully submitted,

SIMON GLUCK & KANE LLP
Attorneys for Plaintiff

By:     s/ Daniel J. Gluck
        One Penn Plaza
        250 West 34th Street, Suite 4615
        New York, New York 10119
        Tel: (212) 775-0055
        Email: dgluck@customs-law.com

Dated: New York, New York
       June 8, 2015

6